PROB 12C
(06/17)

August 5, 2022
pacts id. 6427163

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Michele Lee Kirchner (English)          Dkt. No.: 19CR03512-001-GPC

MJ 22-03436

Reg. No.: 87021-298

---

Name of Sentencing Judicial Officer: The Honorable Gonzalo P. Curiel, U.S. District Judge

Original Offense: 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony.

Date of Sentence: July 8, 2020

Sentence: Time served; followed by three (3) years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

Modification: On July 22, 2020 conditions were modified to include: the completion of a residential drug treatment program. On October 30, 2020, conditions were modified to include the abstinence from illicit drugs, alcohol, and abuse of prescription medicine, as well as submit to breathalyzer testing.

| Type of Supervision: Supervised Release | Date Supervision Commenced: July 8, 2020 |
|---|---|
| Asst. U.S. Atty.: J'me Forrest | Defense Counsel: Nathan Feneis (Appointed) (619) 234-8467 |

Prior Violation History: Yes. See prior court correspondence.

---

### PETITIONING THE COURT
### TO ISSUE A NO-BAIL BENCH WARRANT



2022 AUG 17 PM 3: 18
RECEIVED
U.S. MARSHALS-S/CA

PROB12(C)
Name of Offender: Michele Lee Kirchner
Docket No.: 19CR03512-001-GPC

August 5, 2022
Page 2

The U.S. Probation Officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about May 16, 2022, Ms. Kirchner used a controlled substance, as evidence by the urine sample she submitted at the Ventura U.S. Probation Office on ~~May 16, 2022, which confirmed positive for~~ Amphetamine and Methamphetamine. |
| | 2. On or about May 19, 2022, Ms. Kirchner used a controlled substance, as evidence by the urine sample she submitted at the Ventura U.S. Probation Office on May 16, 2022, which confirmed positive for Amphetamine and Methamphetamine. |
| **(Special Condition)** The offender shall abstain from using illicit drugs, alcohol and abusing prescription medications during the period of supervision. | 3. On or about May 17, 2022, Ms. Kirchner consumed alcohol, as evidence by her verbal telephonic admission to the U.S. Probation Officer on May 18, 2022. |
| **(Special Condition)** As directed by the Probation Officer, the offender shall submit to breathalyzer testing, not to exceed four (4) tests per month, to determine if the offender has consumed alcohol. | |

***Grounds for Revocation:*** As to Allegation 1, I have received and reviewed written laboratory notification from Alere Toxicology Services, Inc., which verify the specimen provided by Ms. Kirchner on May 16, 2022, confirmed positive for Amphetamine and Methamphetamine.

As to Allegation 2, I have received and reviewed written laboratory notification from Alere Toxicology Services, Inc., which verify the specimen provided by Ms. Kirchner on May 19, 2022, confirmed positive for Amphetamine and Methamphetamine.

As to Allegation 3, I have reviewed correspondence from the supervising U.S. Probation Officer in the Central District of California, reporting that on May 18, 2022, Ms. Kirchner admitted to her U.S. Probation Officer through a telephonic conversation that she consumed alcohol on the evening of May 17, 2022.

PROB12(C)
Name of Offender: Michele Lee Kirchner
Docket No.: 19CR03512-001-GPC

August 5, 2022
Page 3

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

In July of 2020, Ms. Kirchner commenced a transfer of supervision to the Central District of California.

On April 27, 2022, Ms. Kirchner was discharged from drug treatment and had been in treatment since January 2021. At that time according to the County of San Luis Obispo- Drug & Alcohol Services (SLO DAS) Ms. Kirchner had reached the maximum benefit of drug treatment. Ms. Kirchner then transferred to a sober living environment and on June 7, 2022, she was instructed by her U.S. Probation Officer to re-enroll in outpatient substance abuse treatment services at SLO DAS. Ms. Kirchner agreed to report to SLO DAS- Paso Robles, California walk-in clinic on June 9, 2022.

Additionally, the undersigned Officer received email correspondence from the supervising U.S. Probation Officer in the Central District of California indicating that on August 5, 2022, Ms. Kirchner failed to appear for randomized drug testing conducted at her outpatient drug treatment provider SLO DAS on July 6, 2022; July 7, 2022; July 25, 2022; and August 4, 2022.

Considering the above information, Ms. Kirchner's adjustment to supervision is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Kirchner presently resides in a women's sober living home in Paso Robles, California in the Central District of California. According to the director of the sober living home Ms. Kirchner has been following the house rules. Of concern is she continues to use illicit drugs and is not reporting for drug testing at her treatment provider.

Ms. Kirchner currently remains employed at the 99 Cent Store in Atascadero, California, since December of 2021. Ms. Kirchner has reported to her current supervising Officer that she and her sister have had a more amicable relationship now that Ms. Kirchner is out of the home.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** : If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG §7B1.4, p.s., comment. (n.5).

If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (Use of a controlled substance, and Failure to follow instructions of the probation officer) constitute a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

PROB12(C)
Name of Offender: Michele Lee Kirchner
Docket No.: 19CR03512-001-GPC

August 5, 2022
Page 4

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an imprisonment range of 3 to 9 months. USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

PROB12(C)
Name of Offender: Michele Lee Kirchner
Docket No.: 19CR03512-001-GPC

August 5, 2022
Page 5

## JUSTIFICATION FOR BENCH WARRANT

Considering Ms. Kirchner's persistent drug use and her failure to report for treatment and testing, the issuance of a bench warrant is recommended, to ensure Ms. Kirchner's appearance before the Court and to protect the community.

## RECOMMENDATION/JUSTIFICATION

This is the fifth non-compliance correspondence submitted to your Honor during the two years' Ms. Kirchner has been on supervision. Prior non-compliance has been addressed through increased reporting instructions and treatment interventions. Based on the allegations alleged herein, it is evident Ms. Kirchner has demonstrated an inability to follow her conditions of supervision by continuing use of illicit substances and alcohol. Ms. Kirchner's blatant disregard for the directives of the Court is indicative of an individual who demonstrates negligeable desire to abide by instructions, that of the Court or the U.S. Probation Officer. Ms. Kirchner's continued patterns of noncompliance demonstrate a poor prognosis for future supervision compliance. Of particular concern is she continues to use illicit drugs even while in a sober living program and is not reporting for drug testing at her treatment provider.

Ms. Kirchner has breached the trust of the Court by committing the noncompliance conduct alleged herein. Consequently, it is believed a custodial sanction is appropriate to hold Ms. Kirchner accountable for her actions, reinforce the importance of abiding by the Court's order, for the breach of the Court's trust, and to deter further acts of noncompliance.

Should the violations of supervised release alleged herein be sustained, the U.S. Probation Office respectfully recommends revocation of supervised release. Based on the totality of the violation conduct, a custodial sentence of 6 months' custody is recommended, commensurate with her violation conduct. Additionally, it is recommended this custodial sentence be followed by 24 months' supervised release, with the same terms and conditions as previously ordered.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 5, 2022

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Austin Hunter
U.S. Probation Officer
(619) 557-5832

Reviewed and approved:

_____
Tisha Garcia
Supervisory U.S. Probation Officer

PROB12CW

August 5, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Kirchner, Michele Lee

2. **Docket No. (Year-Sequence-Defendant No.):** 19CR03512-001-GPC

3. **List Each Violation and Determine the Applicable Grade (See USSG § 7B1.1):**

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to report for drug testing | C |

4. **Most Serious Grade of Violation** (See USSG § 7B1.1(b))   [ C ]
5. **Criminal History Category** (See USSG § 7B1.4(a))   [ I ]
6. **Range of Imprisonment** (See USSG § 7B1.4(a))   [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (See USSG § 7B1.3(d)):

Restitution ($) _____    Community Confinement _____
Fine($) _____            Home Detention _____
Other _____              Intermittent Confinement _____

PROB12C
Name of Offender: Michele Lee Kirchner
Docket No.: 19CR03512-001-GPC

August 5, 2022
Page 7

## THE COURT ORDERS:

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON August 23, 2022 AT 8:30. TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____


_____
The Honorable Gonzalo P. Curiel
U.S. District Judge

Date 8/10/22

FML for BMC